## STATE v. ROSE HUBER.[1]

June 3, 1927.

No. 26,097.

**When defendant cannot complain of being called before grand jury.**

1. The defendant in a criminal case cannot complain merely because he was called before the grand jury which indicted him, where he was not compelled to testify.

**Conviction for sale of liquor to minor sustained.**

2. Evidence *held* to sustain conviction of sale of liquor to a minor.

**Evidence of similar offenses admissible.**

3. Evidence of other similar or related offenses *held* properly admitted under the rule of State v. Monroe, 142 Minn. 394.

Criminal Law, 16 C. J. p. 568 n. 29 New; p. 605 n. 30; p. 606 n. 41 New.
Intoxicating Liquors, 33 C. J. p. 767 n. 48.

Defendant appealed from an order of the district court for Ramsey county, Olin B. Lewis, J., denying her motion for a new trial. Affirmed.

*Harvey J. Diehl* and *Frank E. McAllister*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *Christopher D. O'Brien, Jr.*, County Attorney, and *Charles L. Hayes*, Assistant County Attorney, for the state.

STONE, J.

Convicted of felony for selling intoxicating liquor to a minor, defendant appeals from the order denying her motion for a new trial.

1. Of the assignments of error requiring consideration, the first goes to the fact that defendant was called as a witness by the grand jury which indicted her. She claimed her privilege against self-incrimination and was not required to and did not testify. So she

[1]Reported in 214 N. W. 270.

must have been indicted on the "evidence of others" and cannot complain. State v. Mason, 152 Minn. 306, 189 N. W. 452.

2. The strongest argument for defendant challenges the sufficiency of the evidence of guilt. The evidence for the state showed that on the evening in question a party of young men, all of them sober, went to defendant's home in an automobile; that one of them was sent into defendant's house with money for the purchase of liquor and soon emerged with a supply wherewith the party immediately went on a spree, from the effects of which the boy who procured the liquor died that night. Defendant, testifying on her own behalf, admitted that the young man did call upon her for the purpose of procuring liquor at about the time testified to by his companions. She admitted also that he had been there before and that she had furnished "booze" to his father in his presence. She stoutly denies that she ever let the boy have any. Her cross-examination weakens her story very materially. Its weight was for the jury, and it was also for them to accept such parts of it as they saw fit. A still was operated in the next house, occupied by a relative of defendant. Taking the testimony of the dead boy's companions with defendant's admission that he called upon her as stated, it cannot be claimed successfully that the conviction is not sustained by the evidence. The circumstances are obviously more consistent with guilt than innocence.

3. The remaining argument for appellant is that defendant was prejudiced by the admission of evidence concerning other offenses. There was such evidence, but it was confined to the furnishing of intoxicating liquor by defendant to persons calling upon her at her home. In some of the transactions the deceased boy had appeared. None of it violated the rule admitting evidence of other similar or related offenses announced in such cases as State v. Monroe, 142 Minn. 394, 172 N. W. 313.

Order affirmed.