THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN J. RILEY, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS F. HARTIGAN, Defendant.

County Court, Montgomery County.

**Crimes — indictment — defendants, on being subpœnaed, testified before grand jury, which indicted them, without executing waivers of immunity, under Penal Law, § 2446 — indictments for bribery dismissed.**

Indictments found by the grand jury of Montgomery county, which charged the defendants with the crime of bribery, must be dismissed, where, having been duly subpœnaed, defendants testified before the grand jury, which indicted them, as to gambling and vice conditions in the city of Amsterdam, without executing waivers of immunity as provided for by section 2446 of the Penal Law. The defendants became immune from indictment for any crime growing out of the matters concerning which they gave testimony. To permit the indictments to stand would be a violation of defendants' constitutional rights.

MOTION by defendants, indicted for bribery, to dismiss the indictments upon the ground that their constitutional rights have been invaded.

*B. Roger Wales, Special Deputy Attorney-General [Albert J. Danaher, Deputy Attorney-General, of counsel], for the People.*

*Leary & Fullerton [A. W. Pitkin of counsel], for the defendant Riley.*

*W. Arthur Kline, for the defendant Hartigan.*

BUTLER, J. The defendants have been indicted by the grand jury of the county of Montgomery for the crime of bribery. The defendants were duly subpœnaed by the district attorney to appear and did appear, and testified before the grand jury which indicted them, and were questioned concerning gambling and vice conditions existing generally in the city of Amsterdam, and both were asked concerning the operation of disorderly houses in the city of Amsterdam during their respective terms as commissioners of public safety.

The defendants move to dismiss and quash the indictments found against them upon the grounds that their constitutional rights were invaded. It is conceded they testified in an investigation by the same grand jury which indicted them concerning gambling and vice conditions existing in the city of Amsterdam. An affidavit of the district attorney filed with the court in each case states that each defendant was subpœnaed to appear and testify before this grand jury, that neither of them was asked to sign a waiver of immunity and that neither of them did sign a waiver. Each of the defendants submits an affidavit that he was so sub-

pœnaed and appeared before the grand jury which indicted him and was asked and testified concerning gambling and disorderly houses in the city of Amsterdam during his administration as commissioner of public safety of the city of Amsterdam. These facts as stated in their affidavits are not denied and are borne out by an examination of the grand jury minutes.

Section 381 of the Penal Law reads as follows: "A person offending against any provision of any section of this chapter relating to bribery and corruption, is a competent witness against another person so offending, and may be compelled to attend and testify upon any trial, hearing, proceeding, or investigation, in the same manner as any other person. But the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying. A person so testifying to the giving of a bribe which has been accepted, shall not thereafter be liable to indictment, prosecution, or punishment for that bribery, and may plead or prove the giving of testimony accordingly, in bar of such an indictment or prosecution."

Section 996 of the Penal Law reads as follows: " 1. No person shall be excused from attending and testifying, or producing any books, papers or other documents before any court or magistrate, upon any investigation, proceeding or trial, for a violation of any of the provisions of this article, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.

" 2. Any person offending against any of the provisions contained in section nine hundred and ninety-one of this article, who shall be admitted and examined as a witness, in any court of record, to sustain any suit or prosecution authorized by sections nine hundred and ninety-four and nine hundred and ninety-five, may be discharged by the court from all penalties by reason of such offense, if such person has not before been convicted thereof, or of a similar offense, and if it appear to the court satisfactorily, that such person was duped or enticed into the commission of the offense, by those against whom he shall testify."

In the case of *People ex rel. Lewisohn* v. *General Sessions* (96 App. Div. 201, 205; affd., 179 N. Y. 594) it was held that this statute gave the witness complete immunity from prosecution for any crime in relation to the acts about which he was interrogated, the

court saying: " We think there is no doubt but that this statute does give the witness complete immunity from prosecution for any crime in relation to the acts about which he was interrogated, and if he has this immunity it necessarily follows that compelling him to answer in relation to the crime, although he was directly connected with it, does not compel him to be a witness against himself in a criminal proceeding. The statute says that he shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding. The effect of such a provision was so fully and satisfactorily discussed by the Supreme Court of the United States in *Brown* v. *Walker* [161 U. S. 591] that further discussion is unnecessary."

Section 584 of the Penal Law reads as follows: " No person shall be excused from attending and testifying, or producing any books, papers or other documents before any court, magistrate or referee, upon any investigation, proceeding or trial, for a violation of any of the provisions of this article, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him, upon any criminal investigation, proceeding or trial."

In *People ex rel. Taylor* v. *Forbes* (143 N. Y. 219) the court said (at p. 231): " While the guilty may use the privilege as a shield it may be the main protection of the innocent, since it is quite conceivable that a person may be placed in such circumstances, connected with the commission of a criminal offense, that if required to disclose other facts within his knowledge he might, though innocent, be looked upon as the guilty party."

The court in the same case (at p. 227), referring to the provision in the United States Constitution, which is identical with article 1, section 6, of the Constitution of this State, says: " These constitutional and statutory provisions have long been regarded as safeguards of civil liberty * * *. When a proper case arises they should be applied in a broad and liberal spirit in order to secure to the citizen that immunity from every species of self-accusation implied in the brief but comprehensive language in which they are expressed. * * *"

In *Matter of Grand Jury* (135 N. Y. Supp. 103) Judge CRAIN, considering section 584 of the Penal Law in his advice to the grand jury in answer to the specific and stated question, namely: Whether it is legally possible for certain persons named to appear and testify before the grand jury in a pending investigation without such persons thereby becoming by virtue of the provisions of section 584 of the Penal Law immune from prosecution and not punishable for the crime of conspiracy, said: " He is precluded from pleading his constitutional privilege of silence. Its assertion, therefore, is useless. If asserted, it would be overruled, for as to him it does not exist, and the tribunal would be constrained to deny him the right of refusal. His situation is not controlled by either his will as an individual or the will of the tribunal. It is settled by law.    *    *    *"

Subsequent to the rendering of this opinion by Judge CRAIN, section 2446 of the Penal Law was enacted, which reads as follows: " If it be provided by this chapter or any other general or special law that a person shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may testify or produce evidence, documentary or otherwise, or that testimony so given or produced shall not be received against him upon any criminal investigation, prosecution or proceeding, such person may execute, acknowledge and file in the office of the county clerk a statement expressly waiving such immunity or privilege in respect to any transaction, matter or thing specified in such statement and thereupon the testimony of such person or such evidence in relation to such transaction, matter or thing may be received or produced before any judge or justice, court, tribunal, grand jury or otherwise, and if so received or produced such person shall not be entitled to any immunity or privilege on account of any testimony he may so give or evidence so produced."

It is conceded by the People that no waiver under section 2446 was obtained from either of the defendants. Therefore, I think that both of the defendants are immune from any indictment or prosecution concerning the matter about which they testified before this grand jury. It was held in *Brown* v. *Walker* (161 U. S. 591) that the statute of immunity was a grant of amnesty. In that case Mr. Justice BROWN, writing the opinion of the court, said: "Any evidence that he may give under such a statutory direction will not be ' against himself,' for the reason that, by the very act of giving the evidence, he becomes exempted from any prosecution or punishment for the offense respecting which his evidence is given.

The question before me on this motion is not as to the innocence or guilt of these defendants nor whether the testimony before the

grand jury warranted an indictment. The sole questions are, Were their constitutional rights invaded, and, they having been duly subpœnaed before this grand jury which indicted them and having been questioned concerning the matters then being investigated by said grand jury, and having executed no waiver as provided by section 2446 of the Penal Law, are they not now immune from prosecution and indictment concerning any of the matters about which they were interrogated by said grand jury? It is my opinion that when they were subpœnaed and brought before the grand jury and questioned concerning the matters then under investigation they became immune from indictment of any crime growing out of the matters concerning which they gave testimony.

The constitutional provision that a person shall not be compelled to be a witness against himself is as broad as the mischief against which it seeks to guard. The meaning of the constitutional provision is not merely that a person shall not be compelled to be a witness against himself in a criminal prosecution against himself, but its object is to insure that a person shall not be compelled, when acting as a witness in any investigation, to give testimony which may tend to show that he himself has committed a crime. (*People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253; *Counselman* v. *Hitchcock,* 142 U. S. 547.)

My conclusion is that the defendants having been subpœnaed and having testified before the grand jury concerning matters in connection with the crime for which the same grand jury indicted them, without executing the waivers provided for in section 2446 of the Penal Law, the indictments against them should be dismissed and quashed.