THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS LUCKMAN, Defendant.

Supreme Court, Kings County, April 5, 1937.

*Hiram Todd*, for the plaintiff.

*Caeser B. F. Barra*, for the defendant.

BYRNE, J. On February 23, 1937, the extraordinary grand jury of the county of Kings filed an indictment against the defendant charging him with perjury in the first degree. On March 5, 1937, a superseding indictment, numbered 17, was filed against the defendant. On March 11, 1937, defendant filed a demurrer to the last-mentioned indictment upon certain specified grounds. The claim is now made, as the basis for affirmative relief herein, that prior to the determination of the issues of law raised by the filing of the said demurrer, a second superseding indictment, numbered 18, was filed by the extraordinary grand jury against the defendant. Upon this motion it is defendant's claim that the filing of the superseding indictment, numbered 18, allegedly prior to the determination of the demurrer to indictment numbered 17, was violative of sections 325 and 326 of the Code of Criminal Procedure.

Section 325 provides: "Upon the demurrer being filed, the objections presented thereby must be heard at such time as the court may appoint."

Section 326 further provides: "The court must give judgment upon the demurrer either allowing or disallowing it; and an order to that effect must be entered upon the minutes."

A consideration · of the affidavits herein submitted, however, indicates full compliance with the above sections. The grand jury began its reconsideration of indictment numbered 17 on March 16, 1937. Prior thereto, and during the morning of March sixteenth, the court overruled the demurrer. An order to that effect was filed during the day. Further, the true facts contradict the contention that " no hearing was afforded " as is required by section 325. It satisfactorily appears that prior to March sixteenth, defendant's counsel and the special assistant attorney-general, in charge of the prosecution, agreed that all motions and pleadings relating to the validity of the indictment would be submitted in writing to Mr. Justice ROGERS for decision. In my opinion, defendant thereby expressly waived the statutory requirement.

As a further basis for the present application, defendant contends that upon the *voir dire* examination several of the proposed grand jurors were wrongfully excluded by the challenge of the prosecutor. He argues that none of the challenges here considered were properly founded upon the causes for challenge which are specified in section 239 of the Code of Criminal Procedure. That section provides that a prospective grand juror may be excluded if it be shown, among other things, " 6. That a state of mind exists on his part, in reference to the case or to either party, which satisfies the court, in the exercise of sound discretion, that he cannot act impartially and without prejudice to the substantial rights of the party challenging."

In opposition to the instant motion, the special assistant attorney-general has summarized the testimony which was elicited upon the *voir dire* of the said prospective grand jurors.

I cannot say, as a matter of law, that the testimony thus elicited was such as to preclude the court, in the exercise of sound discretion, from finding that a " state of mind " existed on the part of the particular prospective grand juror within the purview of the section above quoted.

I have given due deliberation to the defendant's argument that the indictment is void upon the ground that, pursuant to section 313 of the Code of Criminal Procedure, an allegedly unauthorized person was permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration; and upon the further ground that the grand jury was allegedly illegally constituted. In my opinion, however, the facts and circumstances upon which such contention is predicated, particularly when considered together with the allegations of the answering affidavits, fail to warrant a dismissal of the indictment.

A more serious objection, however, is raised with respect to the following matter. It appears without contradiction that the defendant was called as a witness and testified before the grand jury which was inquiring, among other things, into the very question whether he had committed perjury during the conspiracy trial. It is claimed, and not disputed, that he did not waive immunity in thus appearing before the grand jury. It is now contended that, because of the foregoing circumstances, the grand jury could not thereafter indict him for the crime of perjury which was allegedly committed during the prosecution of the conspiracy trial. In reply thereto, the affidavit in opposition simply alleges: " The fact that he [the defendant] committed perjury on that occasion [*i. e.*, at the conspiracy trial] was shown by other witnesses. The defendant's own testimony was one continuous denial of his original perjury. It furnished not the slightest clues to the fact that the defendant had committed perjury on the trial."

I do not think, however, that a defendant's constitutional rights may be so lightly disregarded. The fact that he was required to and did give testimony, irrespective of whether the responses given upon the examination were of an affirmative or a negative character, is a sufficient basis upon which to invoke the present contention. The determinative factor is that he was required to testify at all. The correct principle applicable hereto has been enunciated in *People* v. *Gillette* (126 App. Div. 665, 670), wherein the court writes: " A person against whom the inquiry of the grand jury is directed should not be required to attend before that body, much less be sworn by it, and if he is and an indictment be found, it should be set aside upon motion, and if not, if the fact appears upon the trial, it will invalidate a conviction, if one be had. (*People* v. *Singer*, 18 Abb. N. C. 96; *People* v. *Haines*, 1 N. Y. Supp. 55; *State* v. *Froiseth*, 16 Minn. 296; *Boone* v. *People*, 148 Ill. 440; *United States* v. *Edgerton*, 80 Fed. Rep. 374.) "

The court's duty is plain for, as pointed out in *People ex rel. Taylor* v. *Forbes* (143 N. Y. 219, 227):

" These constitutional and statutory provisions have long been regarded as safeguards of civil liberty, quite as sacred and important as the privileges of the writ of habeas corpus or any of the other fundamental guaranties for the protection of personal rights.

" When a proper case arises they should be applied in a broad and liberal spirit in order to secure to the citizen that immunity from every species of self-accusation implied in the brief but comprehensive language in which they are expressed. The security which they afford to all citizens against the zeal of the public prosecutor, or public clamor for the punishment of crime, should not be impaired

by any narrow or technical views in their application to such a state of facts as appears from the record before us. The right of a witness to claim the benefit of these provisions has frequently been the subject of adjudication in both the Federal and State courts. ` The principle established by these decisions is that no one shall be compelled in any judicial or other proceeding against himself, or upon the trial of issues between others, to disclose facts or circumstances that can be used against him as admissions tending to prove his guilt or connection with any criminal offense of which he may then or afterwards be charged, or the sources from which or the means by which evidence of its commission or of his connection with it may be obtained." (See, also, *People* v. *Riley*, 129 Misc. 373, 375.)

The motion to dismiss the first count of the indictment is granted.

The application with respect to the second count of the indictment is denied since section 1631 of the Penal Law specifically authorizes a prosecution for perjury under the circumstances therein set forth.