THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN J. COYLE and OSCAR G. MASSIE, Defendants.

Supreme Court, Extraordinary Term, Orange County, October 30, 1939.

*Edward G. O' Neill, Assistant Attorney-General,* for the plaintiff.

*Jacob A. Decker,* for the defendant John J. Coyle.

*Max Levinson,* for the defendant Oscar G. Massie.

PERSONIUS, J.  Each defendant was subpœnaed, appeared and was sworn before the grand jury.  Apparently each defendant had appeared with his then attorney before the investigators and made a statement.  Their then attorney knew that they were to appear before the grand jury.  The Assistant Attorney-General apparently expected, or, at least, anticipated, that they would sign waivers of immunity, but upon appearing before the grand jury each declined to do so.  Each defendant now contends that by appearing pursuant to subpœna and being sworn, he became immune from indictment. These motions are made to obtain an inspection of their testimony for the purpose of moving to dismiss the indictment.  We think they are entitled to such inspection.  (*People* v. *Macner,* 171 Misc. 720, 724.)

On this application we have examined their testimony before the grand jury and considered its effect on their indictment.

The defendant Massie was sworn and gave his name and address. He was then fully warned, his rights and the possible effect of his testifying explained and asked if he desired to sign a waiver of

immunity. He was told that he did not have to sign a waiver and did not have to testify if he did not so desire. He refused to sign the waiver and was immediately excused.

The defendant Coyle was sworn and gave his name and address. He, too, was fully advised and warned and his rights explained at length. He reiterated that he wanted to tell the truth. He was told that the prosecutor did not want him to sign a waiver unless he fully understood it and was finally asked if he wanted to see his attorney, the prosecutor saying: " If you want to see your lawyer, we would rather have you see your lawyer." Upon expressing a desire to do so, he was given a blank waiver and excused with the statement: " You understand, Mr. Coyle, the fact that you would not sign a waiver before the Grand Jury will not count against you at all." The only reference to his prior statement was in reference to the similar warning and explanation of his rights which was given to him at that time.

Neither defendant gave any material or incriminating evidence before the grand jury.

Did they receive immunity by being subpœnaed, appearing, being sworn, warned and refusing to sign a waiver? To hold that they did would, it seems to us, be carrying the protection to which a defendant is entitled to an unjustifiable extreme. While the constitutional provisions for the protection of a defendant must be liberally and fairly applied, the interests of the People are also entitled to consideration. We do not think the defendants are entitled to immunity. (1 Wharton's Criminal Evidence [11th ed.], 609; *State* v. *Huber*, 171 Minn. 429; 214 N. W. 270; *People* v. *Tumen*, 161 Misc. 645.)

The defendants rely principally upon *People* v. *Gillette* (126 App. Div. 665). A conviction was there reversed on the ground that the evidence was insufficient to sustain the verdict. The sufficiency of the indictment was reviewed. McLaughlin, J., writing for reversal, said: " It was a violation of his [defendant's] constitutional right to require him to attend before the grand jury and take an oath." He also held (2) that the indictment was defective in form and (3) that the evidence was insufficient to support the verdict. In this opinion, Ingraham, J., concurred. Houghton and Scott, JJ., concurred as to the form of the indictment and the insufficiency of the evidence. Laughlin, J., concurred as to the insufficiency of the evidence but dissented from the dismissal of the indictment. Therefore, as pointed out in *People* v. *Reiss* (255 App. Div. 509, 514), a majority of the court did not hold that the defendant was entitled to immunity, even though he had been subpœnaed, was sworn and gave incriminating testimony. The case

has been cited and quoted as so holding (*People* v. *Luckman*, 164 Misc. 230, 233; *People* v. *Bermel*, 71 id. 356, 358), but it did not.

The authorities distinguish between instances where the *defendant* under investigation has been sworn, instances where a party was called as a *witness* against another but subsequently indicted, and instances where a witness has been called in a general or John Doe investigation. The present investigation was a general one and it is apparent that the person against whom it was directed at the moment was the welfare commissioner and not these defendants. However, we do not base our decision upon that ground.

The defendants argue that they were prejudiced by being compelled to appear before the grand jury and there refusing to sign a waiver. The defendant Coyle was told in the presence of the grand jury that his refusal would not be held against him. There was sufficient evidence to sustain this indictment. We cannot assume that the grand jury acted on prejudice rather than sufficient evidence. The presumption is to the contrary. (*People* v. *Tumen*, 161 Misc. 645, 649.) Each defendant is granted an inspection of his personal testimony before the grand jury. The motion of the defendant Massie in other respects is denied.

Submit order accordingly.