THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NATIONWIDE NEWS SERVICE, INC., SEABOARD NEWS SERVICE, INC., JOHN N. BARBER and Others, Defendants.

Supreme Court, Extraordinary Term, Niagara County, December 19, 1939.

*Joseph Ambrusko, District Attorney* [*Charles M. Feldstein* of counsel], for the plaintiff.

*Guy B. Moore,* for the defendant John N. Barber.

CREGG, J. The defendant Barber was indicted by the grand jury at this Extraordinary Term of court under section 580 of the Penal Law, for a conspiracy to violate the gambling laws of this State. The indictment charges in substance among other things that the conspiracy was formed sometime prior to 1935 and continued in full force and effect up to and until July, 1939.

This is a motion by the defendant Barber to dismiss the indictment as to him on the ground that he was compelled to testify on September 28, 1937, before another grand jury in this county concerning the same conspiracy alleged in this indictment and thereby became immune from prosecution here.

The moving papers set forth that he did testify before the 1937 grand jury concerning the same conspiracy as it then existed, without having waived immunity, that two of the defendants named in this indictment, namely, " George Hardy and Emanuel Naftal," were indicted by the 1937 grand jury; that they pleaded guilty and were sentenced.

The facts set forth in the moving papers are not controverted by the district attorney so that I must assume they are true.

It is contended by defendant's attorney in support of the motion that even though several overt acts are alleged to have been committed subsequent to the time the defendant testified in 1937, nevertheless it is the same conspiracy concerning which he testified at that time; that in giving such testimony he may have furnished the district attorney with the very information which is the basis of this indictment, or at least furnished some link in the chain of circumstances connected therewith. If so, he is immune from prosecution here by reason of the provisions of sections 584 and 996 of the Penal Law.

The district attorney contends that the defendant Barber is not charged in this indictment with anything that took place prior to the 1937 indictment, but that all of the overt acts set forth in this indictment are charged to have been committed subsequent to the 1937 indictment, and, therefore, he is not entitled to immunity from prosecution for crimes committed after 1937.

Under section 6 of article 1 of the State Constitution no person can be compelled to be a witness against himself. But the Penal Law of this State in certain cases, among which is the instant case, provides in substance that such person can be compelled to testify without having waived immunity, but if he does so testify he is granted immunity through sections 584 and 996 of the Penal Law. If he refuses to testify, he may be guilty of contempt of court. (Judiciary Law, § 750.) He also may be punished under section 600 of the Penal Law which makes contempt of court a misdemeanor.

In the instant case it appears that the defendant Barber testified before the 1937 grand jury concerning the very conspiracy which is alleged in this indictment; that such conspiracy was formed prior to 1935 and continued until July, 1939. It does not appear just what testimony he gave in 1937, but it is fair to assume that he supplied some link in the chain of evidence necessary to sustain this indictment. If not, it is quite probable that his testimony may have supplied clues through which evidence pointing to his guilt may have been forced from the testimony of others.

A continuing conspiracy is in full force and effect until the combination is abandoned. (*United States* v. *Kissel,* 218 U. S. 601.)

In *People ex rel. Taylor* v. *Forbes* (143 N. Y. 219) the Court of Appeals quotes with approval from Chief Justice MARSHALL's opinion in the celebrated *Aaron Burr* case as follows: " ' Many links frequently compose that chain of testimony which is necessary to convict an individual of a crime. It appears to the Court to be the true sense of the rule that no witness is compelled to furnish any of them against himself. It is certainly not only a possible, but a probable case, that a witness by disclosing a single fact may complete the testimony against himself and to a very effectual purpose accuse himself as entirely as he would by stating every circumstance which would be required for his conviction. That fact of itself would be unavailing, but all other facts without it would be insufficient. While that remains concealed in his own bosom he is safe, but draw it from thence and he is exposed to a prosecution. The rule that declares that no man is compellable to accuse himself would most obviously be infringed by compelling a witness to disclose a fact of this description.' "

In *Matter of Doyle* (257 N. Y. 244) Judge CARDOZO, writing the opinion for the court, said (at p. 250):

" The Constitution of the State provides that no person ' shall be compelled in any criminal case to be a witness against himself.' (Const. art. 1, § 6.)

" The privilege may not be violated because in a particular case its restraints are inconvenient or because the supposed malefactor may be a subject of public execration or because the disclosure of his wrongdoing will promote the public weal.

" It is a barrier interposed between the individual and the power of the government, a barrier interposed by the sovereign people of the State; and neither legislators nor judges are free to overleap it. * * *

" To force disclosure from unwilling lips, the immunity must be so broad that the risk of prosecution is ended altogether. (*People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253; *Counselman* v. *Hitchcock,* 142 U. S. 547; *Heike* v. *United States,* 227 U. S. 131, 142.)"

860

The protection granted by the statutes against prosecution or conviction of a defendant who discloses evidence in an investigation which may tend to incriminate him, is to secure to the citizen immunity from every species of self accusation implied in the brief but comprehensive language of the statutes. The protection which they afford should not be impaired by the clamor of public opinion. The statutes should not be impaired by any narrow or technical views concerning their application.

In my opinion the defendant Barber became immune from prosecution when he testified before the 1937 grand jury without having waived immunity concerning the same conspiracy for which he is now indicted. The indictment should be dismissed as to him.

Ordered accordingly.