## (January 14, 1953.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS VENOSA, Appellant, against ROBERT E. MURPHY, as Warden of Auburn State Prison, Respondent.

KIMBALL, J. (dissenting). I am unable to agree with the majority of the court that the order dismissing the writ of habeas corpus should be affirmed. Ordinarily, habeas corpus is not a remedy for testing the sufficiency of an indictment, in the absence of " exceptional circumstance[s] " (*People ex rel. Sedlak* v. *Foster,* 299 N. Y. 291, 293–294) or " unless there be a total lack of jurisdiction to hold or to bring the defendant to trial thereon." (*People ex rel. Childs* v. *Knott,* 187 App. Div. 604, 622, affd. 228 N. Y. 608.) Under the circumstances presented here, by the record on appeal and the statement of facts recited in the brief of the Attorney-General, it is my opinion that there was no jurisdiction in the Grand Jury to indict nor jurisdiction in the court to try this defendant upon the indictment. If such a lack of jurisdiction be established, I think the appellant could avail himself of the remedy of habeas corpus.

On November 8, 1946, the defendant was indicted by a Grand Jury of Richmond County charging him, in one count, of receiving and withholding stolen property belonging to one William Schroeder. Thereafter, he was arraigned upon said indictment, entered a plea of not guilty and also demurred to the indictment. The demurrer was argued but the court never gave judgment by either allowing or disallowing it. The provisions of section 326 of the Code of Criminal Procedure are mandatory. The court must give judgment and an order either allowing or disallowing the demurrer must be entered upon the minutes. In February, 1947, a Grand Jury (presumably a different one) returned another indictment which was called a " superseding " indictment and which charged the defendant in two counts with receiving and withholding stolen property belonging to Hiram Walker Distributors, Incorporated . This superseding indictment was, it appears, for the same unlawful act or acts which were the basis of the first indictment. Defendant was arraigned and tried upon the second or superseding indictment; was found guilty and was sentenced on July 7, 1917. In the meantime, the demurrer to the first indictment remained undecided and on December 31, 1948, on motion of the District Attorney, the first indictment was dismissed.

The question presented is whether a grand jury may legally find a "superseding" indictment for the same offense or the same unlawful acts while there is pending an undecided demurrer to the original indictment and where the court has not carried out the mandate of section 326 of the Code of Criminal Procedure by giving judgment upon the demurrer and causing an order to be entered upon the minutes. Had the court performed its duty and had the demurrer to the first indictment been allowed, the judgment would have been "final upon the indictment demurred to," and would have been "a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, direct the case to be re-submitted to the same or another grand jury." (Code Crim. Pro., § 327.) In the present case there was, of course, no order of resubmission since there was no judgment upon the demurrer. The District Attorney simply disregarded the pending issue of law raised by the demurrer and asked for and received from the Grand Jury another indictment for the same unlawful act or acts. There is no question that a grand jury may find a superseding indictment before an issue is joined upon the first one. Where two indictments are pending against the same defendant for the same offense; or two indictments for the same matter, although charged as different offenses, "the indictment first found, shall be deemed to be superseded by such second indictment, and shall be set aside." (Code Crim. Pro., § 292-a.) This section was derived from section 42 of title IV of chapter II of part IV of the Revised Statutes of New York and was added to the Code of Criminal Procedure by section 1 of chapter 66 of the Laws of 1909 and was no part of the code before that time. It was not in the code when the case of *People* v. *Bissert* (71 App. Div. 118, affd. 172 N. Y. 643) was decided. The respondent relies upon that case but, I think, without good reason. The dissenting opinion there points out (p. 137): "The provisions of the Code of Criminal Procedure relating to demurrers govern and control in cases of indictments remaining uncanceled and of record — not to those quashed and superseded by an independent provision of law." Section 292-a of the Code of Criminal Procedure is a rule of reason by which there may not remain outstanding two indictments against the same person for the same offense. So long as issue has not been joined upon the first indictment, a superseding indictment may be found without court order in which case, the first shall be set aside. This section, however, cannot be held to deprive a defendant who has been arraigned and has demurred to an indictment, of the right to a judgment of the court either allowing or disallowing the demurrer. Neither the District Attorney nor the Grand Jury may deprive him of the right to walk out of court a free man if his demurrer is allowed, under a judgment which is a bar to another prosecution for the same offense, unless the court directs resubmission.

As I view the question here presented, a grand jury is without authority and has no jurisdiction to indict a person for the second time for the same offense or for the same unlawful act while there is pending before the court a demurrer to a previous indictment. Such procedure, in effect, nullifies the provisions made by the Legislature for testing whether a person may be put on his trial, under chapter VI of title V of part IV of the Code of Criminal Procedure. It does more than that. It deprives a defendant of his right to seek, by demurrer, a judgment of the court by which he may be exonerated of the offense charged and by which he may not again be prosecuted for the offense unless the court otherwise orders. Surely, the District Attorney at his

own option, may not thus circumvent the statute nor may the Grand Jury, at his instance, reindict. Before a superseding indictment may be found, the court must render judgment upon the issue raised by the demurrer to the first indictment. Any other holding would render a demurrer an illusory right to be brushed aside at the whim of a district attorney and a grand jury. In my opinion, no such result was contemplated by section 292-a of the Code of Criminal Procedure.

I find no authority for what was done here. The respondent cites none. *People ex rel. Raimondi v. Jackson* (277 App. Div. 924) and *People v. Bissert* (71 App. Div. 118, aff'd. 172 N. Y. 643, *supra*) are not in point. On the other hand, there is authority for the view I take. In *People v. Rosenthal* (197 N. Y. 394) Judge VANN wrote (p. 401): "No order to resubmit, however, was necessary, for the grand jury had jurisdiction to reindict without one. The defendant was not put in jeopardy by the first indictment, as he was not arraigned thereunder, nor did he demur or plead thereto. If he had demurred and the demurrer had been sustained, a second indictment could not have been lawfully found without an order of re-submission as authorized * * *. By the express command of the statute a judgment sustaining a demurrer is a bar to a further prosecution for the same offense unless such an order is made. * * * No order to re-submit is required, however, unless the defendant has been put in jeopardy under a former indictment." The same question arose in *People v. Luckman* (164 Misc. 230). There a demurrer was made to the first indictment and the Grand Jury handed up a second indictment. The court held the second indictment legal for the reason that (p. 232): "Prior thereto, and during the morning of March sixteenth, the court overruled the demurrer. An order to that effect was filed during the day." In *People v. Morrell* (196 Misc. 1016) the defendant pleaded not guilty to an indictment charging criminal negligence resulting in death. Thereafter, without an order for resubmission, the Grand Jury found another indictment for the same unlawful act, charging manslaughter. A demurrer to the second indictment was sustained. The court said (p. 1021): "that defendant was placed in jeopardy by the first indictment and further because of the failure of the People to obtain an order to resubmit was fatal to the validity of the second indictment". It was further said (p. 1020): "To permit a district attorney because he does not agree with prior findings of a grand jury to resubmit on his motion the same facts to other grand juries until an indictment is found suitable to him, is to place unbridled power in the hands of a prosecutor, a policy which I am unable to accept or sanction."

It is my opinion that where a demurrer has been interposed to an indictment, there can be no further indictment for the same offense until the court gives judgment either allowing or disallowing the demurrer and, if allowed, not even then without order of the court. The writ of habeas corpus is a proper remedy to test the jurisdiction of the Grand Jury. There being no jurisdiction in the Grand Jury to find the so-called superseding indictment, there was no jurisdiction in the court to try the defendant thereon.

The writ should be allowed.

All concur, except Kimball, J., who dissents and votes for reversal and allowing the writ, in an opinion. Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order affirmed, without costs of this appeal to either party.