Hyman Barshay, J.
The District Attorney of Kings County seeks by this motion to adjudge the respondents in criminal contempt of this court and to punish them for violation of paragraph 5 of subdivision A of section 750 of the Judiciary Law of the State of New York, for contemptuously and unlawfully refusing to answer legal and proper interrogatories propounded to them after they were duly sworn as witnesses before a duly constituted Grand Jury and after they were duly offered immunity from criminal prosecution in accordance with the provisions of section 2447 of the Penal Law.
The Second Additional March, 1958, Grand Jury, as extended, duly constituted and legally in session, was conducting an investigation into unlawful solicitation of legal business in violation of article 24 of the Penal Law, and criminal conspiracy (Penal Law, § 580), among lawyers and others to violate said article 24, in the County of Kings.
In connection therewith each of the respondents was subpoenaed to appear before the said Grand Jury on July 30, 1959. Both are attorneys at law, duly admitted to practice in the State *809 of New York. Each was separately sworn before the Grand Jury. Neither signed a waiver of immunity. Each was advised by the assistant prosecutor in charge that he was being called as a witness only, that he was not a prospective defendant and was not the target of the investigation. Each answered that he clearly understood the information imparted to him. Each was further advised that the Grand Jury was prepared to grant immunity to each of them as was permitted by law. Thereupon, the following question was propounded to each of them: “ Now were you ever employed by the firm of-, of-Street, in the County of Kings? ”
Each answered, ‘11 refuse to testify on the ground that I am a prospective defendant and/or a target of this investigation and pursuant to Article I, Section 6 of the Constitution of the State of New York, and the United States Constitution, the Article of Amendments thereto, and more particularly the 14th Amendment thereto, I may not be called and examined before a Grand Jury. I refuse to testify on the ground that I may be incriminated thereby and to compel me to testify would be in violation of my Constitutional rights under Article I, Section 6 of the Constitution of the State of New York and under the 14th Article of Amendment to the Constitution of the United States. I refuse to testify on the further ground that the Grand Jury is powerless to confer immunity upon me sufficiently broad to protect me against all prosecutions for violation of the Laws of the State of New York ”.
Each respondent was excused from the room and thereafter resumed the witness stand, whereupon the foreman of the Grand Jury, at the request of the assistant prosecutor in attendance, directed each respondent to answer the question propounded. Each respondent refused to answer, on the identical grounds heretofore set forth.
No person shall, “ be compelled in any criminal case to be a witness against himself ” (N. Y. Const., art. I, § 6; Code Crim. Pro., § 10).
In People ex rel. Coyle v. Truesdell (259 App. Div. 282, 283-284) it was held:
“ In lieu of this protection, we find in the Penal Law various provisions affording immunity to those witnesses who give testimony relating to specified crimes, of which Section 584 of the Penal Law is illustrative. When co-extensive with the protection provided by the constitutional provision, this cloak of immunity enables a prosecuting officer to compel a person to testify in a criminal proceeding, even though the testimony adduced involves self-incrimination. * * *
*810 “ Where an immunity statute is in effect, the witness has no election. He is required to testify, but receives immunity. Thus it follows that a witness no longer has the right to elect whether or not to testify, but the right of election is with the prosecuting officer who, by the act of compelling a witness to testify, in the absence of a waiver, affords the witness immunity from prosecution. For the same reason, there is no longer a distinction between the status of a witness about to be accused and one called as an incident to a general investigation. The testimony of the witness, in either case, carries immunity along with it automatically.”
Each of the respondents, by operation of law would receive immunity by reason of his testimony (Penal Law, § 584). Pursuant to the provisions of section 2447 of the Penal Law, the foreman of the Grand Jury, acting upon the request of the Assistant District Attorney, directed each of the respondents to reply to the question put to them. Where a witness receives immunity, the immunity extends to any crime growing out of the matters concerning which he testifies (People v. Riley, 129 Misc. 373; People v. Nationwide News Serv., 172 Misc. 857).
In People v. Brayer (6 A D 2d 437, 438-439) the court said, “ We recognize that under the provisions of section 2447 of the Penal Law a grant of immunity must be founded upon an express provision of a statute authorizing the conferring of such immunity * * *. As we construe section 2447 of the Penal Law, the Grand Jury must be conducting an investigation where, by express statutory provision, it is authorized to grant immunity * * *. Thus, ‘ section 2447 is designed as a complete immunity statute ’ (People v. De Feo, 308 N. Y. 595, 604) and not one limited to immunity for the crimes being investigated by the Grand Jury. If. in the course of the investigation the witness is required to testify or give evidence as to transactions, matters or things subjecting him to prosecution for crimes other than those under investigation immunity has been conferred.”
It is immaterial whether the respondents were called before the Grand Jury in the role of mere witnesses or, as claimed by them, as targets of the investigation. In either event section 584 of the Penal Law deprives them of the right to refuse to answer questions upon the claim of privilege of self incrimination when the procedure prescribed by section 2447 of the Penal Law has been followed. The effect of sections 584 and 2447 of the Penal Law is to cloak the witnesses with immunity in exchange for their privilege against self incrimination. So it was expressly held in People v. Breslin (306 N. Y. 294, 297) where the court wrote as follows: “In other words, a witness *811 compelled to testify before a Grand Jury inquiring into the commission of crimes of bribery, conspiracy or gambling obtained a full and complete immunity from prosecution in this State for any crime disclosed or revealed by his testimony (citing cases). It follows, therefore, that defendant was not entitled to remain silent, even if as he urges, he believed himself one of the targets of the investigation rather than a mere witness.” (Emphasis supplied.)
Pursuant to the provisions of paragraph 5 of subdivision A of section 750 of the Judiciary Law, I adjudge each of the respondents guilty of a criminal contempt of this court for contumacious and unlawful refusal to answer the legal and proper interrogatory put to each of them in the Grand Jury on July 30,1959, and direct that each be imprisoned in the Civil Prison of the City of New York for a term of 30 days, and in addition thereto, to pay a fine of $250, and in the event that said fine is not paid, that they shall be imprisoned for an additional term of 30 days.
Each of the respondents may purge himself of this contempt by appearing before the Grand Jury at the Supreme Court Building, Brooklyn, New York, on the 24th day of November, 1959, and there answer the question heretofore propounded to each of them in the Grand Jury room on July 30, 1959, and to answer all further legal and proper interrogatories put to them. Upon proof of that event, this order adjudging and punishing each of the respondents for contempt of this court will be vacated and set aside. Submit order.