Albert H. Bosch, J.
This is a motion, by order to show cause,
seeking the following relief:
1. Directing that the prosecution of this defendant for alleged crimes of January 13, 1961, and February 1, 1961, be dismissed and the District Attorney be enjoined from further proceedings thereunder (Code Crim. Pro., §§ 667, 270) and;
2. Directing the dismissal of this Indictment No. 1289-61 (Code Crim. Pro., §§ 8, 668, 671) and/or in the alternative;
3. Directing that the defendant be discharged from custody on his own undertaking (Code Crim. Pro., § 669), and;
4. Directing that the stenographer to the Grand Jury of September, 1961, deliver to the attorney for the defendant a transcript of the minutes taken by him on this indictment, his *621 fees therefor to he paid by the County Treasurer of the County of Queens or Treasurer of the City of New York and/or directing a dismissal of the indictment upon examination of the minutes by the court (Code Grim. Pro., §§ 258, 399) and or;
5. Directing that the District Attorney serve upon the attorney for the defendant a bill of particulars, setting forth:
a. The exact date, time and place of each of the alleged crimes charged under each count of Indictment 1289-61;
b. The nature and character of the place or places where the alleged crimes charged under each count of the indictment occurred;
c. whether or not the People contend that defendant was present at all times and places alleged under each count of the indictment.
The court shall consider this motion in the order which it was submitted:
(1) The People, according to the affidavit .submitted, do not propose to resubmit the charge concerning the alleged crime of January 13, 1961. Furthermore the District Attorney has no right to resubmit a matter to the Grand Jury when a “ no findings ” was filed unless by direction of the court (Code Grim. Pro., § 270).
As to the submission to the Grand Jury of an alleged crime on February 1, 1961, this court is without authority to restrict the District Attorney in submitting the matter to the Grand Jury. As stated in Matter of McDonald v. Sobel (272 App. Div. 455, 461, affd. 297 N. Y. 679) “ The power to prosecute crime and control the prosecution, after formal accusation bad been made, was reposed in a prosecuting officer, an Attorney-General or a District Attorney.” As also stated in Matter of Hassan v. Magistrates’ Court of City of N. Y. (20 Misc 2d 509, 511) “As a basic incident of our form of Government, with its divided powers and responsibilities lodged in the executive, legislative and judicial branches, and as a self-imposed rule of judicial restraint, the courts should not interfere with the discretion lodged in prosecuting officials such as a District Attorney or the Attorney-General to institute criminal proceedings.”
The very fact that should a Grand Jury make a “ no findings ’ ’ against a defendant and the District Attorney is subject then to the provisions of section 270 of the Code of Criminal Procedure may be a reason that due to the circumstances of an investigation, there may be a necessary delay in presenting it to the Grand Jury.
*622 The affidavit submitted in opposition to this order to show cause also states that the District Attorney may also submit to the Grand Jury an alleged crime committed on January 19, 1961.
That part which requests a dismissal pursuant to section 667 of the Code of Criminal Procedure is denied. This defendant is being held under a pending indictment at the present time for which bail of $25,000 is requested by the District Attorney. The opposing affidavit submitted by the District Attorney indicates that his office is prepared to submit to the Grand Jury the alleged crimes of January 19, 1961, and February 1, 1961. Due to the provisions of section 270 of the Code of Criminal Procedure it is only reasonable that they need sufficient time to complete his investigation before presenting his evidence to the Grand Jury, rather than facing a “no findings ” by the Grand Jury or a subsequent dismissal of the indictment by the court due to either insufficient or illegal evidence.
(2) The defendant seeks a dismissal of this indictment (#1289-61) pursuant to sections 8, 668 and 671 of the Code of Criminal Procedure. The provisions of sections 8 and 668 of the Code of Criminal Procedure basically provide for a dismissal of an indictment for lack of prosecution unless good cause is shown for the delay.
This indictment was filed on September 25, 1961, and the defendant, together with three other defendants, was arraigned and pleaded not guilty on September 29, 1961, in the presence of assigned counsel. A fifth codefendant was arraigned and pleaded not guilty on October 11, 1961. After the latter arraignment, the indictment was assigned to a Trial Part pursuant to Buie XVIII of the Buies of the Queens County Court. It first appeared on the Call Calendar on October 13, 1961, at which time this defendant, through his counsel, together with the codefendants, requested a trial. The case was set down for trial on October 30, 1961, at which time the attorney previously assigned for this defendant did not appear due to illness. The District Attorney was ready for trial on that date. The court marked the case “ ready and passed ” for November 1, 1961. On November 1, 1961 all the attorneys appeared except the attorney previously assigned for this defendant. Thereupon the court assigned an attorney for a codefendant to represent this defendant. Later that day this attorney advised the court he could not “in good conscience” represent this defendant. The court then assigned present counsel to represent this defendant. After a conference with the defendant the present *623 counsel stated that the defendant desired a trial. At the same time counsel advised the court that he intended to produce alibi witnesses. Up until November 1, 1961 there had been no representations made by either the defendant or his original attorney that this issue would be raised. As a matter of fact, upon the oral argument of the motion the District Attorney exhibited to the court a demand for a bill of particulars for the name of alibi witnesses dated October 25, 1961, and served by mail on that date, and to which demand the original attorney did not answer.
Upon being advised by the present defense counsel of the alibi witnesses the Assistant District Attorney in charge of the trial requested an adjournment for a sufficient time to investigate this new matter in the case and it was adjourned to November 27, 1961 for the trial of this defendant. Subsequently counsel obtained an order to show cause dated November 8, 1961 and returnable November 10, 1961, at which time the issues raised in this motion were argued and decision reserved. The court finds there was no unreasonable or undue delay in bringing this defendant to trial. As a matter of fact in view of what has transpired since October 30, 1961, when the People were ready for trial, all the delays were caused by the attorneys for the defendant.
Insofar as the relief sought under section 671 of the Code of Criminal Procedure this court has no intention of dismissing this indictment either on motion of the District Attorney or the court.
(3) The defendant seeks to be discharged from custody on his own undertaking. This defendant is charged under this indictment with robbery first degree, grand larceny first degree, grand larceny second degree, assault second degree, conspiracy to commit robbery first degree. As heretofore indicated, the District Attorney shall shortly seek two additional indictments. It was necessary to extradite this defendant from the State of California to bring him within the jurisdiction of this court. The court denies that part of the motion seeking the defendant’s discharge from custody upon his own undertaking. On argument of this motion, the District Attorney requested that bail be set at $25,000. In view of the facts recited here and information secured from the prisoner’s criminal record, Police Department, City of New York, Bureau of Criminal Identification, the court hereby sets bail at $25,000.
(4) The defendant moves for an inspection of the Grand Jury minutes, or in the alternative, an inspection by the court and dismissal of the indictment.
*624 The motion to inspect is denied. The court, having examined the Grand Jury minutes, finds that sufficient legal evidence was adduced to sustain the indictment, including testimony of statements by this defendant implicating him in the crimes charged in this indictment as well as his receiving part of the proceeds of the alleged crimes.
(5) The defendant requests a bill of particulars seeking:
a. The exact date, time and place of each of the alleged crimes charged under each count of Indictment No. 1289-61;
b. The nature and character of the place or places where the alleged crimes charged under each count of the indictment occurred;
c. Whether or not the People contend that defendant was present at all times and places alleged under each count of the indictment.
Upon argument of this motion the People informed the attorney, for the defendant that the alleged robbery occurred on January 28, 1961 at approximately 10:30 p.m. and that the District Attorney would furnish the defendant’s counsel with a written bill of particulars to this effect. In view of the information furnished, and as the other items requested are of an evidentiary character, the motion is denied in all respects.