■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOFFRE EARL GREGORY, Appellant.— Appeal by defendant: (a) from a judgment of the former County Court, Queens County, rendered January 12, 1962 after a jury trial, convicting him of robbery in the first degree and conspiracy to commit robbery in the first degree, and imposing sentence; and (b) from two intermediate orders, made on November 13, 1961 and November 22, 1961, respectively. Judgment reversed on the law and a new trial granted. The findings of fact have not been considered. No separate appeal lies from the intermediate orders, which nevertheless have been reviewed on the appeal from the judgment (Code Crim. Pro., § 517, subd. 3). During cross-examination, an accomplice witness for the People denied that he expected or had been promised leniency. Thereupon, an Assistant District Attorney, who was not the prosecuting attorney, but who had participated in the People's preparation of this case, made himself

an unsworn witness against the defendant by stating in open court: "If I had made any promise to this person or any other person, in my function and office as an Assistant District Attorney, I would have advised the Court of that and also counsel." He thus endeavored, by the weight of his own veracity and official position, to support the credibility of a key prosecution witness who was then testifying. Thereafter, the trial Assistant District Attorney, in his summation recalled this statement to the jury, and he suggested to them that they believe his colleague's unsworn statement. In our opinion, the circumstance and content of that unsworn remark, coupled with the prosecutor's later comment thereon, placed the veracity and position of these Assistant District Attorneys in issue and, consequently, so prejudiced the defendant that he was deprived of a fair trial (*People* v. *Jackson*, 7 N Y 2d 142; *People* v. *Lovello*, 1 N Y 2d 436). Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.