Richard C. Delih, J.
After the “ March, 1974 ” Grand Jury-received evidence from three witnesses, it handed up Indictment Mo. 39510, charging the defendant with the crimes of burglary in the second degree, grand larceny in the second degree, and assault in the second degree. Two of these witnesses later gave identical evidence to the 11 July, 1974 ” Grand Jury, which returned Indictment Mo. 40299, charging the defendant with the crime of robbery in the first degree. The facts and circumstances underlying the charges in each indictment are the same in all respects.
The. defendant, by this motion, urges the court to dismiss the later indictment as a nullity, by reason of the District Attorney's failure to obtain permission of the court to re-present the case to a second Grand Jury.
The common law gave the prosecutor a wide latitude in resubmitting charges to a grand jury. His discretion in this regard has been curbed only in certain specified situations. Our concern here focuses on the rule that, when a grand jury dismisses a charge, the prosecutor may not re-present it for reconsideration by the same or another grand jury without permission of the court (CPL 190.75; People ex rel. Flinn v. Barr, 259 M. Y. 104; People v. Dillon, 197 N. Y. 254; People v. Dziegiel, 140 Misc. 145; People v. Both, 118 Misc. 414).
There are sound reasons for this rule. The dismissal of a charge by the grand jurors after a full hearing establishes as fact that the evidence presented to them is not of sufficient importance or credible worth to warrant a prosecution and should not, therefore, be presented to the petit jury. The spirit of the grand jury procedure would be violated and nullified if the District Attorney, because he disagreed with the factual finding of one grand jury, resubmitted the same charge until he could find a grand jury that agreed with his opinion that a prosecution was warranted. Chaos would result if one grand jury could overrule the factual findings of another, and personal liberty would be endangered. (People v. Nelson, 298 N. Y. 272; People ex rel. Flinn v. Barr, supra; People v. Dillon, supra; *904 People ex rel. Venosa v. Murphy, 281 App. Div. 795; People ex rel. Raimondi v. Jackson, 277 App. Div. 924; People v. Kowalski, 159 Misc. 493; People v. Kelly, 140 Misc. 377; People v. Both, supra; People v. Neidhart, 35 Misc. 191; People v. Sebring, 14 Misc. 31.)
It is the defendant’s position that by failing to indict for robbery, the “ March, 1974 ” Grand Jury dismissed that charge. Indeed, public policy, the spirit of the law, and fundamental fairness would seem to indicate that where the grand jury, after giving a case full and extensive investigation, has taken no action as to a particular charge, that it is deemed to have dismissed that charge (People ex rel. Flinn v. Barr, 259 N. Y. 104, supra; People v. DeLio, 75 Misc 2d 711; People v. Mooney, Nassau County Sup. Ct. [Oppido, J.], Nov. 6, 1974). But an essential ingredient to intelligent action by the grand jurors is adequate knowledge of the law applicable to the particular facts before them. The courts would not accept, in the past, allegations that the grand jury was incorrectly charged on the law, for there is .a presumption that the District Attorney, the legal advisor to the jurors, would perform his duty fully according to law. (People v. Morrell, 196 Misc. 1016, 1020-1021; People v. Pack, 179 Misc. 316, 323; People v. Neidhart, 35 Misc. 191, 192, supra; Richardson, Evidence [9th ed.], § 71.) There^ fore, were it not for a new feature of the law which will be discussed below, this court would have to presume that the “ March, 1974 ” Grand Jury was charged as to robbery and that it did not find the evidence sufficient to sustain such charge.
CPL 190.25 (subd. 6), however, now requires that any instructions given to the grand jurors must be recorded in the minutes. With this requirement in mind, the court turns to the minutes of the “ March, 1974 ” Grand Jury proceeding. After the evidence was taken, the District Attorney stated: ‘1 With relation to the charge in the case of People of the State of New York against Michael Westbrook, if you find the evidence to be sufficient * * * you may return a true bill * * * charging the defendant with Burglary in the Second Degree, Grand Larceny in the Second Degree, and Assault in the Second Degree. Of course, if you find the evidence to be legally insufficient, you may return a no true bill with regard to any or all of the charges.”
The District Attorney explained the law only as it related to the crimes that he charged. This first Grand Jury then indicted the defendant for each and eyery crime explained to them.
*905 After the “July, 1974 ” Grand Jury heard evidence, the District Attorney stated: ‘1 With relation to the charge, the only charge for your consideration is Robbery in the First Degree ”. The District Attorney explained the law as it related to robbery, and this second Grand Jury indicted the defendant for that crime.
Under these facts and circumstances, does- the law deem that the robbery charge was dismissed by the first Grand Jury? This court thinks- not. The record clearly indicates that the jurors never considered such a charge, and they, therefore, cannot be deemed to have made a factual determination that the evidence was insufficient to present it to the petit jury.
The court is constrained to note that it- has painstakingly examined the minutes of both Grand Jury proceedings and has not found any suggestion of prosecutorial gymnastics, unfair dealing or practices, or subterfuge of any kind, and is fully convinced that good faith was exercised by the District Attorney to the extent that there was no attempt whatsoever to frustrate the purpose -of the Grand Jury.
The second indictment does not charge ‘ ‘ the defendant with an offense charged in the first indictment ” and is, therefore, not a superseding indictment (CPL 200.80). The court notes that no party has moved for consolidation under CPL 200.20 (subd. 2), and that the court is powerless to order same without application by either side (CPL 200.20, subd. 4).
The instant motion is denied in all respects.