The People of the State of New York, Respondent, v Richard D. Potter, Appellant.

Third Department, January 15, 1976

*Michael J. Walter* for appellant.

*Patrick D. Monserrate, District Attorney,* for respondent.

SWEENEY, J. Defendant was arrested, tried and convicted of the crime of burglary, third degree. The arrest occurred on February 7, 1974 after defendant had been implicated by his alleged accomplice. Defendant maintained his innocence and gave the name of his girl friend as an alibi witness. The police interrogated her and she denied being with defendant at the time of the crime. While defendant was still in custody, the police set up a three-way phone conversation with defendant, his girl friend and another wherein the girl friend stated that she had told the police defendant was not with her, and, defendant, in turn, told her not to sign a statement for the police. Thereafter defendant made certain inculpatory statements. Prior to the phone conversation, defendant had been fully warned of his rights.

On March 11, 1974, a Grand Jury handed down an indictment charging defendant and the alleged accomplice with burglary in the third degree. On April 22, 1974, after a demand therefor, defendant served a "notice of alibi" containing the names of the girl friend and another. Without a court order and without notice to defendant, the matter was resubmitted to another Grand Jury and the two alleged alibi witnesses appeared and testified. A new indictment was handed down on June 25, 1974 which was identical in all respects to the superseded indictment, except that the name of the alleged accomplice was dropped and he was referred to as "another".

On this appeal defendant urges reversal, contending that it was improper for the District Attorney to resubmit the case when the dominant purpose was to prepare for trial; that it was also improper to call the alibi witnesses mentioned in the notice of alibi; that the court erred in receiving certain testimony concerning the three-way phone conversation; that there was no independent showing of defendant's participation in the crime; and that the People failed to prove the crime beyond a reasonable doubt.

Under the statutory scheme prevailing in this State, it is only when the Grand Jury fails to indict that the matter may

not be resubmitted without a court order. (CPL 190.75; *People v Rodriguez,* 11 NY2d 279, 285, 286.) Concededly, in the instant case such circumstance did not exist. It is also statutorily provided that a superseding indictment may be filed at any time before entry of a plea of guilty to an indictment or commencement of a trial. (CPL 200.80.) In light of these statutes, it would appear that the superseding indictment was proper and timely. Consequently, we must further search the record to ascertain whether or not there were invalidating circumstances, as urged by defendant.

Basically, defendant's contention is twofold. He urges that the prosecutor's motive for resubmission was impermissible since his dominant purpose was to prepare for trial and, secondly, the calling of defendant's alibi witnesses before the Grand Jury was fundamentally unfair since it subjected defendant "to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State", relying on *Wardius v Oregon* (412 US 470, 476). We find no New York case law to support this contention.

Considering the second prong of his contention first, we note that defendant concedes that the People are free to interview witnesses whose names are furnished by the defense to establish an alibi *(Williams v Florida,* 399 US 78, 81), and that the People have the right to make such investigation as will enable it to probe the credibility of the offered alibi. *(People v Rakiec,* 260 App Div 452.) From a careful consideration of the record, we find no unfair treatment of defendant resulting from the subpoenaing of the alibi witnesses. Initially, defendant's reliance on *Wardius* is misplaced. The *Wardius* case involved an Oregon statute which made no provision for the reciprocal furnishing of information to the defendant with names of witnesses to be used to counter the alibi defense, and the court held reciprocity was necessary. Such is not the case under our New York statute which provides for reciprocal discovery rights. (CPL 250.20, subd 2.) Furthermore, defendant was aware from the three-way phone conversation that the girl friend had informed the police she was not an alibi witness. It is also significant that defendant told her not to sign a statement and, further, it can be assumed she apprised defendant of any testimony she gave before the Grand Jury.

We next consider the first prong of defendant's contention. The prosecution could have reasonably concluded that the girl friend was not an alibi witness from the initial investigation

by the police. She had so stated on two occasions. This, coupled with knowledge of the relationship of the parties and the fact that defendant had sufficient influence over the witness to get her to abstain from giving a written statement to the police, could warrant the conclusion that there was a possible conspiracy to obstruct justice. On the other hand, if the girl friend was telling the truth and defendant was actually with her and not at the scene of the crime, there should not have been an indictment. Consequently, under all of these circumstances, the District Attorney had a right to resubmit the matter to the Grand Jury and we are unable to conclude that his primary purpose was to prepare the pending indictment for trial. This is bolstered by the fact that both alibi witnesses were indicted for perjury and pled guilty.

Passing to defendant's claim that the court erred in admitting testimony derived from the three-way conversation, we conclude that there is no merit to this argument. The record demonstrates that defendant was advised of his rights and a reading of this testimony in its entirety establishes that it was relevant and properly received. The jury could reasonably infer that defendant's request of the girl friend not to sign a statement evidenced a consciousness of guilt. (See *People v Ruberto,* 10 NY2d 428.) The other contentions raised by defendant also lack merit and require no further comment by us. Furthermore, the record contains, in our view, ample evidence of defendant's guilt. The verdict of guilty is, therefore, affirmed.

The judgment should be affirmed.

HERLIHY, P. J. (concurring). I agree with the result herein. As the majority finds, there is no violation of the defendant's constitutional rights. In my opinion, however, the record establishes that the sole purpose of the "superseding" indictment was the desire of the District Attorney to avoid relying upon mere investigation of the alibi by having an examination under oath for the obvious purpose of establishing a basis for perjury claims against these witnesses and thereby possibly eliminating them as witnesses for the defendant.

While the statutes in New York State do not preclude the securing of a superseding indictment, they likewise do not contemplate using a Grand Jury for the singular purpose of examining defense witnesses under oath. The procedure is potentially an abuse of the Grand Jury function and might in certain cases cause defense witnesses to avoid trial testimony.

Any possible abuse of the Grand Jury system in this case, however, does not affect the right of the defendant to a fair trial or his right to avoid self-incrimination. The witnesses did not become unavailable for trial purposes and, as a result, the District Attorney has fortuitously not so prejudiced the defendant as to cause a reversal of the judgment and/or a dismissal of the indictment. The procedure adopted by the District Attorney in this case is not to be condoned.

The judgment should be affirmed.

KOREMAN, MAIN and REYNOLDS, JJ., concur with SWEENEY, J.; HERLIHY, P. J., concurs in a separate opinion.

Judgment affirmed.