In the Matter of the REPORTS OF THE APRIL 30, 1979 GRAND JURY OF THE COUNTY OF MONTGOMERY. HOWARD M. AISON, as District Attorney of Montgomery County, Appellant; Two PUBLIC OFFICIALS NAMED IN THE ABOVE-ENTITLED REPORT, Respondents.

Third Department, May 23, 1985

### APPEARANCES OF COUNSEL

*Howard M. Aison, District Attorney (James E. Conboy* of counsel), for appellant.

*Paul L. Wollman* and *Norberta F. Krupczak* for respondents.

### OPINION OF THE COURT

KANE, J.

The facts of this case are undisputed and were previously set forth by this court in our decision in *Matter of Reports of Grand Jury of County of Montgomery (Aison)* (100 AD2d 692). Briefly, insofar as pertinent to this appeal, on December 7, 1979, a Grand Jury of the Supreme Court of Montgomery County filed a report pursuant to CPL 190.85 (1) (a) recommending the removal of three public officials for misconduct, nonfeasance or neglect in the performance of their duties. After lengthy litigation, this court directed that the report be "forever sealed and

not filed as a public record" (*Matter of Reports of Grand Jury of County of Montgomery* [*Aison*], *supra,* p 693).

The District Attorney then moved at Special Term for an order authorizing the resubmission of evidence contained in the sealed report to "a new Montgomery County Grand Jury". That motion was denied and this appeal ensued.

We conclude that the District Attorney has no authority to resubmit to a new Grand Jury evidence concerning misconduct, nonfeasance or neglect in public office when such evidence was the subject of a previously sealed report. Accordingly, we affirm the order of Special Term.

Under the statutes dealing with Grand Jury reports (CPL 190.85, 190.90), the court which has impaneled such Grand Jury is empowered to permanently seal the report under certain circumstances (CPL 190.85 [5]). No provision is made, however, for the resubmission to a new Grand Jury of a matter on which a previous Grand Jury has already issued a report that was ultimately sealed. In contrast, under CPL 190.75, a statute dealing with cases in which a Grand Jury has been impaneled to consider *criminal* charges against an individual, provision *is* made for the resubmission of such criminal charges "to the same or another grand jury" (CPL 190.75 [3]).

A review of the history of the statutes dealing with the Grand Jury's reporting power (CPL 190.85, 190.90) is helpful in determining whether these statutes' silence with regard to the District Attorney's power to resubmit can be interpreted to mean that a District Attorney can never resubmit to a new Grand Jury a matter which has been the subject of a previous Grand Jury report that was later sealed.

CPL 190.85 was derived from former Code of Criminal Procedure § 253-a; CPL 190.90 was preceded by former Code of Criminal Procedure § 517-a. Both of these sections of the Code of Criminal Procedure were added by the Laws of 1964 (ch 350). The stated purpose of the Laws of 1964 (ch 350) was to "restore, with appropriate safeguards, the ancient power of grand juries to make presentments when non-criminal misconduct or neglect in public office is discovered in the course of its [*sic*] investigation" (Governor's Memorandum 1964, NY Legis Ann, at 512). This legislation was made necessary by the Court of Appeals 1961 ruling in *Matter of Wood v Hughes* (9 NY2d 144, 155) that the practice by Grand Juries of issuing reports concerning the action of public officials, although "tolerated", was "legally unauthorized". The 1964 legislation, quite simply, provided the sole authorization for Grand Juries to again issue these reports.

The Grand Jury's reporting power (CPL 190.85) exists, then, only as a result of an act of the Legislature. As such, there is no pre-1964 common law regarding Grand Jury reports to apply to the issue in controversy here. Thus, all that need be considered in determining whether a District Attorney has the power to resubmit under CPL 190.85 — a power not expressly granted by the statute — are general rules of statutory construction and more specific rules governing the Grand Jury process.

It is axiomatic that: "A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended" (McKinney's Cons Laws of NY, Book 1, Statutes § 74). Here, CPL 190.85 and 190.90, the only statutes dealing with Grand Jury reports, are silent on the District Attorney's power to resubmit. In contrast, CPL 190.75, which deals with the Grand Jury's more common function of considering criminal charges, specifically states that the District Attorney possesses the power to resubmit matters already considered by a Grand Jury. Thus, it can readily be concluded that the Legislature intended to withhold this resubmission power from the District Attorney in cases of Grand Jury reports.

Turning to the more specific rules governing the Grand Jury process, it should be noted that the Grand Jury in New York "derives its powers solely from Constitution and statute" (*Matter of Wood v Hughes, supra,* p 149). "Statutes governing the Grand Jury process should be strictly construed and compliance therewith meticulously observed" (*Matter of Grand Jury of Supreme Ct. of Rensselaer County,* 98 AD2d 284, 286). Applying these principles to the instant appeal and in light of the Constitution's and the statutes' silence with regard to the District Attorney's power to resubmit, we conclude that the District Attorney is without power to resubmit the matters contained in the sealed report of a previous Grand Jury to a new Grand Jury. The order of Special Term must, therefore, be affirmed.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, without costs.