OPINION OF THE COURT
Marie G. Santagata, J.
By this ex parte motion, the District Attorney seeks leave to re-present the evidence that was the subject of a sealed Grand Jury report, together with new and additional evidence, to another Grand Jury for whatever action that body deems appropriate.
The prior orders of this court addressed to various aspects of this issue, dated February 4, 1985 and April 30, 1985, are hereby vacated. This application is deemed a new motion which the court will address de novo.
background
On January 27, 1982, the Nassau County Court impaneled Grand Jury Panel 3 for the Second Term of 1982. It was created to investigate allegations concerning corrupt acts and *771 criminal conduct involving governmental operations, public officials, and government employees and their associates. The panel was discharged on October 29, 1983.
After hearing and examining the evidence concerning the misconduct, nonfeasance and neglect in public office by a particular public servant (CPL 190.05, 190.55 [2] [c]), the Grand Jury took action by voting to submit to this court a report (CPL 190.60 [5]). The report recommended removal or disciplinary action against the identified public servant, as provided in CPL 190.85 (1) (a). The Grand Jury did not indict the public servant named in the report (CPL 190.60 [1]; 190.65), nor did it dismiss a charge before it (CPL 190.60 [4]; 190.75). At the conclusion of his presentation, the Assistant District Attorney concluded the evidence was insufficient to ask the Grand Jury to consider criminal charges. None were therefore considered.
This court ordered that the report submitted be filed as a public record. (CPL 190.85 [2].) Pursuant to CPL 190.90 (1), the public servant named in the report appealed to the Appellate Division, Second Department. By order dated June 21, 1984, the Appellate Division ordered the Grand Jury report sealed. The court stated that, although the report was supported by "a preponderance of the credible and legally admissible evidence presented to the Grand Jury”, the legal instructions given by the Assistant District Attorney were inadequate, and the Assistant District Attorney failed to follow proper procedure with respect to the issuance of a report by the Grand Jury. (Matter of Special Grand Jury of County of Nassau, 102 AD2d 871.) Specifically, the court held that (p 871), "Providing the Grand Jury with copies of CPL article 190 pursuant to CPL 190.20 (subd 5) is not sufficient [legal instruction] where, as here, they [the grand jurors] were never given any instruction on the standard of proof to be applied in weighing the evidence (see Matter of Special Grand Jury of County of Monroe Empanelled Feb. 14, 1978 [77 AD2d 199]; Matter of Special Grand Jury Investigation in Alleged Wire Tapping Activities in Chautauqua County, 79 AD2d 847). Further, an Assistant District Attorney recommended to the Grand Jury that they vote to have his office prepare a report pursuant to CPL 190.85 (subd 1, par [a]), without explaining to them their options under the statute. The proper procedure, not followed here, requires that before any report is prepared, the Grand Jury vote upon whether or not a report should be issued at all, and if so, what type of report should be prepared (see *772 Matter of September 1976 Grand Jury No. II, 75 AD2d 648, 649).”
ARGUMENTS SUPPORTING APPLICATION
The District Attorney now seeks this court’s permission to resubmit the evidence which supported the sealed Grand Jury report, along with certain new and additional evidence, to another Grand Jury for whatever legal action that Grand Jury deems appropriate. (See, CPL 190.60.) In support of his request, the Assistant District Attorney argues, in a memorandum of law dated April 9, 1985, that the relief is warranted:
"(a) by analogy to indictments dismissed due to the improper instructing of the Grand Jury on the applicable law (CPL §§ 210.20 [1] [c], 210.20 [4], 210.35 [5]), where the Court may 'in its discretion authorize the People to submit the charge or charges to the same or another Grand Jury’ * * *
"(b) again by analogy, where a Grand Jury has 'refused to indict and filed a dismissal of the charges before it,’ the Court is empowered to authorize the People to resubmit the charges to the same or another Grand Jury upon a showing of 'new or additional evidence.’ (CPL § 190.75 [3]; People v. Dykes, 86 AD2d 191 [2d Dept., 1982]) * * *
"(c) because no 'statutory apparatus exists’ to prevent the representing of the evidence which had provided the basis for a Grand Jury report subsequently ordered sealed, while the power of the Grand Jury 'to investigate allegations of misconduct in office by public servants is specifically guaranteed both by the New York State Constitution (McKinney’s Const. Art. 1, Sec. 6), as well as by statute (CPL 190.05; CPL 190.55 [1]’
"(d) because the so-called 'common law right’ of the District Attorney to re-present cases to the Grand Jury 'has only been limited in certain specific situations [citations omitted]’ and those limitations do not specifically include Grand Jury reports. It is therefore urged that, 'this court should concede to the District Attorney that judicial permission is not necessary to re-present the evidence [in issue here] to a new Grand Jury’. The instant application has been submitted because the District Attorney deems it to be the 'better practice of law’ to seek this Court’s permission in view of the 'confusion’ created by the appellate courts with respect to the circumstances under which a re-presentation of evidence to a Grand Jury requiries judicial permission; and
*773 "(e) since the Appellate Division found that the report 'was supported by a preponderance of evidence,’ that Court’s action in sealing 'the product of the Grand Jury’s inquiry * * * should have no effect on the ability of the District Attorney to re-present the underlying evidence to a new Grand Jury.’ ”
ISSUE
Whether the District Attorney may resubmit to another Grand Jury the subject matter of a previously sealed report, together with new and additional evidence, presents a new and novel question of law for the courts of the Second Judicial Department. It appears to this court that the answer to that question is found in the nature of, and purpose to be served by, Grand Jury reports when considered in the over-all context of the powers and functions of the Grand Jury.
DECISION
The motion is denied as unnecessary.
RESUBMISSION AND THE LAW
The basis for the Grand Jury’s power to investigate and accuse is found in NY Constitution, article I, § 6. In pertinent part, it provides: "The power of grand juries to inquire into the wilful misconduct in office of public officers, and to find indictments or to direct the filing of informations in connection with such inquiries, shall never be suspended or impaired by law.” It has long been recognized that the Grand Jury’s power to inquire is very broad; the courts have generally afforded to the Grand Jury the "widest possible latitude in the exercise of [their] powers and insisted that in the absence of a clear constitutional or legislative expression they may not be curtailed” (People v Stern, 3 NY2d 658, 661; see also, Virag v Hynes, 54 NY2d 437, 443-444; People v Rodriguez, 97 Misc 2d 379, 381). But, although the Grand Jury’s "traditional investigative powers” are extensive, they are not unlimited. (Matter of Stern v Morgenthau, 62 NY2d 331.)
CPL article 190 comprises the statutory scheme through which the Grand Jury exercises its constitutional mandate. CPL 190.55 (1) authorizes the Grand Jury to hear and examine evidence concerning:
(a) the alleged commission of any offense prosecutable in the courts of the county; and *774 (b) any misconduct, nonfeasance or neglect in public office by a public servant, "whether criminal or otherwise.”
CPL 190.60 sets forth the actions which may be taken by the Grand Jury after "hearing and examining” the evidence submitted to it. The Grand Jury may, inter alia:
(a) indict a person for an offense (CPL 190.60 [1]; 190.65);
(b) dismiss the charge before it (CPL 190.60 [4]; 190.75); or
(c) submit a Grand Jury report (CPL 190.60 [5]; 190.85).
At common law, there was no limit on the power of the prosecutor to submit the same matter to successive Grand Juries. (People ex rel. Flinn v Barr, 259 NY 104, 107-108; People v Westbrook, 79 Misc 2d 902, 903.) The only protection then available to an individual was the constitutional prohibition against being twice placed in jeopardy for the same crime, and that protection could not be invoked until the time of trial. (People v Rosenthal, 197 NY 394, affd 226 US 260.) Repetitive submissions, however, are no longer permitted. The Criminal Procedure Law limits prosecutors by requiring them, in certain instances, to seek and obtain court approval before a matter may be resubmitted to the same or another Grand Jury. (People v Westbrook, supra, at p 903.)
The prosecutor must be granted leave in order to resubmit the same matter to the same or another Grand Jury (CPL 210.20 [4]; 210.45 [9]) where an indictment is handed up by a Grand Jury (CPL 190.60 [1]; 190.65), and is subsequently dismissed by the court pursuant to the provisions of CPL article 210 (CPL 210.20 [1] [a], [b], [c] or [i]). In the instant case, these provisions are inapposite; here, no indictment was sought by the People and none was voted.
The prosecutor must also obtain court approval prior to resubmitting a matter to a Grand Jury (CPL 190.75 [3]; People v Dykes, 86 AD2d 191, 194-196, supra) where the Grand Jury chooses to "dismiss the charge before it” (CPL 190.60 [4]; 190.75). Exactly what constitutes a "dismissal” under CPL 190.60 (4) and CPL 190.75 has been the subject of much litigation. The general rule appears to be that, to constitute a dismissal, "some definite action” must have been taken by the Grand Jury. (People v Davis, 114 Misc 2d 645, 647.) However, it has been held that withdrawal of a matter from the Grand Jury prior to its taking action, where the natural result would have been a dismissal, is tantamount to a finding of dismissal, requiring court approval pursuant to CPL 190.75 (3) before resubmission of the evidence to another Grand Jury. (Matter *775 of McGinley v Hynes, 75 AD2d 897, revd 51 NY2d 116, cert denied 450 US 918; see, 51 NY2d 116, 125, n 2; compare, People ex rel. Raimondi v Jackson, 277 App Div 924, rearg and lv denied 277 App Div 954.) But, no court approval is required, and the evidence may be resubmitted to another Grand Jury to obtain a superseding indictment, where there has been no refusal to indict by the Grand Jury in the first instance. (People v Rodriguez, 11 NY2d 279, 285-286; People v Potter, 50 AD2d 410, 411-412; compare, People v Gregory, 31 Misc 2d 620, 621, revd on other grounds 19 AD2d 749.) Furthermore, no prior court approval is required for the prosecutor to resubmit evidence to obtain an indictment where the Grand Jury did not make a finding of dismissal. (People v Nicholas, 35 AD2d 18, 20; People ex rel. Raimondi v Jackson, supra; People v Westbrook, supra, at p 903.) Neither is court approval required where the Grand Jury did not consider a particular crime against a specific individual. (People v Nelson, 298 NY 272, 275-276; People v Westbrook, supra, at p 905.)
In the instant case, there was no "initial refusal of the Grand Jury to indict.” (People v Nicholas, supra, at p 20.) It is clear from the stenographic transcript of this Grand Jury proceeding that the Grand Jury neither made a finding of dismissal nor refused to indict the public servant. Those alternatives were not placed before the panel, and were never considered by it. The rendering of the Grand Jury report in this matter cannot therefore be deemed either a finding of dismissal or nonaction of such quality that it amounts to a dismissal or refusal to indict. That being so, no court permission to resubmit evidence pursuant to the provisions of CPL 190.75 (3) is required.
REPORTS AND RESUBMISSION
In this case, the action taken by the Grand Jury was to render a report, one of the alternatives available to it by statute. (CPL 190.60 [l]-[5].) In order to understand the nature and purpose of this device, it must be examined in historical perspective.
NY Constitution, article I, § 6 does not grant to the Grand Jury the power to issue reports; it authorizes only the handing up of accusatory instruments. (Matter of Wood v Hughes, 9 NY2d 144, 151.) Historically, reports submitted by Grand Juries had never been looked upon kindly by the courts and were, in almost every instance, ordered suppressed. (Matter of *776 Reports of Nassau County Grand Jury, 87 Misc 2d 453, 457-458.) Finally, in 1961, in Matter of Wood v Hughes (supra), the Court of Appeals ruled that, absent a clear legislative grant of authority, the Grand Jury had no power to issue reports which were critical of public officials but did not allege the commission of a crime. "What is at issue here is not the integrity of a public official or his performance in office, but rather the process or procedure to be employed in charging and judging him. To be deplored, and avoided in the absence of a clear grant of legislative authority, is not public criticism of officials, but criticism contained in a court report which, while it carries, at least, the aura of a judicial pronouncement, denies to the persons involved any of those safeguards designed to protect against the violation of cherished individual rights.” (Matter of Wood v Hughes, supra, at p 156.)
The Legislature responded by enacting Code Criminal Procedure § 253-a, later adopted almost verbatim by the Criminal Procedure Law as section 190.85 — "Grand jury; grand jury reports.” The avowed purpose of the legislation was to restore to the Grand Jury the "ancient” power to issue reports, as a vehicle for bringing to light misconduct by public officials. (1964 McKinney’s Session Laws of NY, at 1960; Matter of Reports of Nassau County Grand Jury, supra, at p 459.) The drafters of this legitimizing legislation were, quite wisely, cognizant of the criticisms leveled at Grand Jury reports by the Court of Appeals in Matter of Wood v Hughes (supra). The legislation therefore contained various procedural and evidentiary safeguards. (See, Matter of Reports of Nassau County Grand Jury, supra, at p 459; see also, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.85, p 361.)
The safeguards contained in that original legislation have been incorporated into the statutes in effect today. (CPL 190.85, 190.90.) But, the statute empowering the Grand Jury to issue a report concerning "misconduct, non-feasance or neglect in public office by a public servant” does not contain a provision permitting or prohibiting the resubmission of evidence to another Grand Jury after a Grand Jury report has been issued and ordered sealed. (CPL 190.85.) It does however provide that the court, in its discretion, may "direct that additional testimony be taken before the same grand jury” where a report does not comply with the evidentiary and/or procedural requirements of CPL 190.85 (2). (CPL 190.85 [5]; and see, CPL 190.90 [5].)
*777 In a case decided after this ex parte application was made, the Appellate Division, Third Department, held that a District Attorney "has no authority to resubmit to a new Grand Jury evidence concerning misconduct, nonfeasance or neglect in public office when such evidence was the subject of a previously sealed report.” (Matter of Reports of Grand Jury of County of Montgomery [Aison], 108 AD2d 482, 483 [decided May 23, 1985].) The court arrived at this conclusion based upon its strict interpretation of CPL article 190, particularly sections 190.75 (3) and 190.85. A clear corollary to the court’s holding is that a nisi prius court has no power to authorize the District Attorney to resubmit such evidence to another Grand Jury.
It appears to this court that the Third Department’s holding, at best, sets forth a general rule to which there will be exceptions, as yet untolled, primarily dictated by the facts peculiar to the individual case. The Third Department’s decision does not discuss the nature of the Grand Jury report, and the positive public policy purpose the report performs. Other courts have. The Appellate Division, Fourth Department, has held that a nisi prius court has the authority (i.e., the inherent power) to reconsider its decision sealing a Grand Jury report, based upon new information (i.e., events occurring subsequent to the sealing of the report). (Matter of Onondaga County Dist. Attorney’s Off., 92 AD2d 32, 35, citing Matter of Second Report of Nov. 1968 Grand Jury of County of Erie, 26 NY2d 200, 205, n 2.) For the purposes of the instant application, the reasons set forth in that decision are more important than the actual holding in the case. The court arrived at its conclusion in spite of the mandate of CPL 190.90 (5), based upon public policy considerations and upon its interpretation of the provisions of CPL article 190 " 'according to the fair import of their terms to promote justice and effect the objects of the law’ ”. (Matter of Onondaga County Dist. Attorney’s Off., supra, at pp 35-36; see also, Penal Law § 5.00; People v Teicher, 52 NY2d 638, 647; People v Simon, 124 Misc 2d 855, 859-860.) It should be noted that the lower court had initially found the Grand Jury report to be "supported by the preponderance of the credible and legally admissible evidence” (CPL 190.85 [2] [a]); the report was ordered sealed only after the named public servant resigned prior to the expiration of the 31-day period within which he could file an answer to the report and seek appellate review (CPL 190.85 [3]; 190.90). After the report was ordered sealed, the public servant who *778 had been the object of the report was "rehired” as a "consultant” to perform virtually the same duties he had been previously performing. The court stated, "To seal the Grand Jury report under circumstances of this case would unreasonably and needlessly frustrate the sincere efforts of a conscientious Grand Jury from completing a salutary and necessary service for the public”. (Matter of Onondaga County District Attorney’s Off., supra, at pp 36-37.) The court, in essence, found that, when dealing with Grand Jury reports and the statutes which authorize their issuance, strict and literal construction must give way:
(a) to a statutory interpretation which promotes justice and gives effect to the purposes for which the law was enacted; and
(b) to considerations of public policy.
Similarly, the Court of Appeals applied a test of due process and fundamental fairness when it found that it was error to deny a motion for the inspection of Grand Jury minutes upon which a report was based. The court’s denial was premised on the ground that it lacked statutory authority to grant the application. Judge Fuld, in writing for the majority, stated that although the statute did not authorize the relief requested, it did not preclude the court from granting it. (Matter of Second Report of Nov. 1968 Grand Jury of County of Erie, supra.)
PUBLIC POLICY
When properly issued procedurally and evidentially, the Grand Jury report serves an important and useful public policy purpose. It is not intended to be a basis for prosecution; it is rather in the nature of a "moral condemnation or exhortation” of noncriminal misconduct, nonfeasance or neglect in public office by a public servant. (Matter of Wood v Hughes, supra, at p 148, n 1; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL § 190.85, p 361.) It performs the "salutary and necessary service for the public” of reporting "mismanagement or wrongdoing not amounting to crime” in office by public officers who, all agree, should be "held to a high standard of performance” (see, Matter of Report of Mar. 1980 Grand Jury of Supreme Ct. of Ulster County, 77 AD2d 58, 60; Matter of Wood v Hughes, supra, at p 160 [dissenting opn of Desmond, Ch. J.]; Matter of Wood v Hughes, supra, at p 155 [Fuld, J.]). Society’s best interest is *779 always served by a thorough and extensive investigation, particularly where, as here, "the grand jury is performing its investigatory function into a general problem area, without specific regard to indicting a particular individual” (Wood v Georgia, 370 US 375, 392; see also, Virag v Hynes, 54 NY2d 437, 443, supra). A court should therefore never allow "a hypertechnical interpretation of the statute [to defeat] the ends of justice.” (People v Simon, supra, at p 860.)
It is clearly an important policy consideration that the public be aware of the noncriminal misconduct, nonfeasance or neglect in office by public servants, and that any criminal activity by such public servants be uncovered, prosecuted and punished. This court renders its decision on the instant application guided by the above principles of fundamental fairness and due process to the People as well as the public servant.
The law was not designed, and was never intended, to defeat the ends of justice by barring a potential criminal prosecution because a Grand Jury report has been ordered sealed. CPL 190.85 (5) was intended as a corrective measure, to provide the District Attorney with a means of rectifying shortcomings in the report issuing procedure at the nisi prius level. CPL 190.90 (5) was intended to put an end to litigation with respect to the Grand Jury report. Neither section may fairly be said to have as its purpose to forever foreclose the use before another Grand Jury of the evidence presented to a Grand Jury which issues a report. They may well prevent the issuance of a second Grand Jury report concerning the same subject and naming the same public servant after the initial report is ordered sealed. But that issue is not now before this court.
CONCLUSION
In the instant case, the prosecutor has on the record, in camera, made an offer of proof as to new and additional evidence occurring since the sealing of the report. That conduct was not considered by the Grand Jury and was unknown to the District Attorney at the time of the presentment. There is no question that as to the submission of those instances of misconduct, nonfeasance or neglect in office of the public servant, the District Attorney may present such evidence to a new Grand Jury for whatever purpose it deems appropriate without approval of the court.
If during the presentation of the new matters to the Grand *780 Jury, the District Attorney, in good faith, finds that some or all of the evidence that was the subject of the sealed report is material and necessary to the presentment, it is within the District Attorney’s province to submit it. The District Attorney determines what evidence to present to the Grand Jury and does not require court approval. (People v Di Falco, 44 NY2d 482.)
It is not a function of this court, at this time and under these circumstances, to determine the objective and/or to chart the course of the Grand Jury’s inquiry into potentially criminal activity by a public servant in public office. (See, People v Gregory, 31 Misc 2d 620, 621, supra.)
Finally, it appears to this court, based upon the following five factors, that this case represents an excellent example of an exception to the "general rule” of Matter of Reports of Grand Jury of County of Montgomery [Aison] (108 AD2d 482, supra):
(a) the proposed presentation is for whatever action the Grand Jury sees fit to take (CPL 190.60); and
(b) there is substantial new evidence for that body to consider (cf. Matter of Onondaga County Dist. Attorney’s Off., supra); and
(c) there has been no prior dismissal or refusal to indict which would require prior court permission (CPL 190.75 [3]; People v Potter, 50 AD2d 410, supra); and
(d) there is no evidence of abuse of the Grand Jury process (Virag v Hynes, 54 NY2d 437, 443, supra); and
(e) the interests of justice and sound public policy considerations militate in favor of the proposed presentation.
The application is therefore denied. At this point, no order of this court is necessary.