In the Matter of the REPORT OF THE GRAND JURY OF THE COUNTY OF TOMPKINS IMPANELED APRIL 24, 1984. BENJAMIN J. BUCKO, as District Attorney of Tompkins County, Appellant.

Third Department, September 12, 1985

### APPEARANCES OF COUNSEL

*Benjamin J. Bucko, District Attorney,* appellant *pro se.*

### OPINION OF THE COURT

KANE, J.

After hearing evidence regarding charges of illegal possession and use of a controlled substance, a Grand Jury of the County Court of Tompkins County, impaneled April 24, 1984, returned an indictment against one Stanley A. Gardner. In the course of that inquiry, the Grand Jury determined that it would expand its inquiry to include "the accessibility [of] and use by teen-agers [*sic*] of alcohol and drugs in Tompkins County". Accordingly, the term of the Grand Jury was extended, and it heard extensive testimony from high school students, parents, teachers, counselors, administrators and psychologists related to the subject matter of the investigation. It issued a report on December 20, 1984, "[p]roposing recommendations for legislative, executive or administrative action" (CPL 190.85 [1] [c]).

After due deliberation, County Court declined to accept and file the report of the Grand Jury as a public record. This appeal by the District Attorney of Tompkins County ensued. For the reasons hereinafter stated, we conclude that this appeal must be dismissed.

In accordance with the statutory framework provided by the CPL, a Grand Jury may issue three types of reports (CPL 190.85 [1]). The first is a report recommending disciplinary action against a public servant who is guilty of misconduct (CPL 190.85 [1] [a]). The second is a report stating that, after an investigation, the Grand Jury found no misconduct on the part of a public servant (CPL 190.85 [1] [b]). The third is a report proposing recommendations for legislative, executive or administrative action (CPL 190.85 [1] [c]). It is this third type of report that was issued by the Grand Jury in the instant situation. This reporting power exists only as a result of an act of the Legislature and the provisions thereof must be strictly construed (*Matter of Reports of Grand Jury of County of Montgomery,* 108 AD2d 482).

Appeals from orders concerning Grand Jury reports are governed by CPL 190.90. That section provides *only* for appeals from orders concerning CPL 190.85 (1) (a) reports recommending disciplinary action against a public official who is guilty of misconduct, and makes absolutely no provision for appeals from orders concerning the type of report (pursuant to CPL 190.85 [1] [c]) that is the subject of this appeal. In fact, CPL 190.90 (5) specifically states that "[t]he procedure provided for in [CPL 190.90] shall be the exclusive manner of reviewing an order made pursuant to section 190.85".

Accordingly, in the absence of any specific statutory authority providing for the appealability of orders concerning CPL 190.85 (1) (c) reports and in light of the principle that "[s]tatutes governing the Grand Jury process should be strictly construed and compliance therewith meticulously observed" (*Matter of Grand Jury of Supreme Ct. of Rensselaer County [June 1982]*, 98 AD2d 284, 286), the order appealed from is not appealable.

MAHONEY, P. J., MAIN, LEVINE and HARVEY, JJ., concur.

Appeal dismissed, without costs.