OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
The defendants move to dismiss the indictments on the *605 grounds that they were obtained in violation of their right to due process and fundamental fairness and in the interest of justice. The motions are denied.
ISSUES
The issue presented is whether a defendant’s right to due process and fundamental fairness is violated when a District Attorney carries out a threat made during plea negotiations to reindict the defendant on more serious charges if he does not plead guilty in accordance with the plea bargain offered. This appears to be an issue of first impression in New York, although the Federal courts have confronted it on at least two occasions (see, Bordenkircher v Hayes, 434 US 357, reh denied 435 US 918; United States v Goodwin, 457 US 368).
Collateral issues include whether the second indictment is a "superseding” indictment (CPL 200.80) and whether prior court approval was necessary in order to resubmit the same evidence to the second Grand Jury (CPL 190.75).
For no particular reason, the issues are treated in inverse order.
FACTS
In May 1988 the defendants were indicted and charged with the crime of criminal sale of a controlled substance in the second degree, an A-II felony (Penal Law § 220.41 [1]). At arraignment each defendant was represented by counsel. The Assistant District Attorney offered a plea bargain pursuant to which he would accept a guilty plea from each defendant to a class B felony in full satisfaction of the A-II charge. The Assistant District Attorney made it clear at the time of the plea negotiations that if the defendants refused the offer, it was his intention to re-present the matter to a second Grand Jury and seek an indictment charging criminal sale of a controlled substance in the first degree, a class A-I felony (Penal Law § 220.43 [1]). The defendants rejected the plea offer and demanded a jury trial.
In September 1988 the Assistant District Attorney resubmitted the case to a second Grand Jury and an indictment charging the greater offense was returned. The evidence presented to the May and September Grand Juries was virtually identical. Upon each presentment a lab report indicating the weight of the narcotic substance to be 59.22 grams was intro *606 duced in evidence. The same three witnesses testified in each proceeding.
The May 1988 Grand Jury was advised that, "[t]here will be one count for your consideration and that is criminal sale of a controlled substance in the second degree” and the September 1988 Grand Jury was advised that, "[t]he one count for your consideration is criminal sale of a controlled substance in the first degree”. Each Grand Jury indicted the defendants for the solitary offense submitted to it.
In October 1988, upon application of the Assistant District Attorney, an order was entered dismissing the first indictment as "superseded” by the second.
SUCCESSIVE INDICTMENTS WITHOUT COURT ORDER
At common law the prosecutor had broad discretion to resubmit a case to a Grand Jury without leave of court (People ex rel. Flinn v Barr, 259 NY 104; People v Westbrook, 79 Misc 2d 902; Matter of Special Grand Jury, 129 Misc 2d 770). The only protection available to the defendant was the constitutional prohibition against double jeopardy (People v Rosenthal, 197 NY 394, affd 226 US 260; Matter of Special Grand Jury, supra, at 774).
Today, the Criminal Procedure Law and several appellate court decisions expressly limit the prosecutor’s discretion to resubmit by requiring prior court approval in certain circumstances (see, CPL 190.60, 190.65, 190.75; also see, People v Rodriguez, 11 NY2d 279; People v Dykes, 86 AD2d 191; People v Potter, 50 AD2d 410; People v Wilkins, 68 NY2d 269; People v Cade, 140 AD2d 99).
To be sure, the District Attorney’s discretion in this area has not been abrogated by statute or judicial fiat. "The District Attorney is a public officer. His duties are quasi-judicial in nature. His obligation is to protect, not only the public interest, but also the rights of the accused. In the performance of his duties, he must not .only be disinterested and impartial, but must also appear to be so * * *. His primary duty is to see that justice is done. Because he is presumed to act impartially * * * he has wide latitude to determine whom, whether and how to prosecute” (People v Lofton, 81 Misc 2d 572, 575).
Instead, these legislative and judicial restrictions are intended to protect the integrity of the Grand Jury process and foster the impartiality of the office of District Attorney. Furthermore, these restrictions upon the District Attorney’s dis *607 cretion are in derogation of the common law and must be strictly and narrowly construed.
A review of the statutes and applicable case law indicate that no court approval is required to resubmit for the purpose of obtaining a superseding indictment where there was no initial refusal of the Grand Jury to indict (see, Matter of Special Grand Jury, supra, at 775, and the cases cited therein; also see, CPL 200.80). There was no initial refusal to indict in the instant case and, therefore, no court approval was required to seek a superseding indictment.
The next issue is whether an indictment charging a lesser included offense is "superseded” by an indictment charging a greater offense.
Pursuant to CPL 200.80 an offense charged in an indictment is superseded by a count in a later indictment when such later count charges the same offense. "The plain language of this statute requires that in order to supersede a prior indictment, a second indictment must charge the defendant with an offense charged in the first indictment” (People v Sinistaj, 67 NY2d 236, 243, dissenting opn citing Matter of Gold v McShane, 74 AD2d 616, appeal dismissed 51 NY2d 910, lv denied 52 NY2d 704, and People v Westbrook 72 Misc 2d 902).
In People v Prescott (66 NY2d 216, 221), the court held, "[t]he test for determining whether two offenses are the same within the meaning of the double jeopardy clause is whether two distinct statutory provisions each requires proof of a fact that the other does not”. This court believes the same test applies in determining whether two offenses are the same within the meaning of CPL 200.80.
The two offenses at issue herein are identical but for the amount of the narcotic drug sold. The proof submitted to each Grand Jury was identical. The theory of the case has not changed.
Under the circumstances presented herein, the court holds that the greater offense charged in the second indictment properly superseded the lesser included offense charged in the first indictment.
DUE PROCESS AND PROSECUTORIAL VINDICTIVENESS
The defendants contend that the Assistant District Attorney used the Grand Jury process in a manner calculated to coerce them into entering guilty pleas or punishing them for exercising their right to trial by jury. Stated another way, the issue *608 is whether the filing of a superseding indictment which contains a more serious offense after the defendants refused to plead guilty to a lesser offense raises a presumption of prosecutorial vindictiveness in violation of due process.
This court’s research has not disclosed a single New York State court opinion which squarely addresses this issue (but see, People v Pena, 50 NY2d 400). There is, however, a line of Federal cases directly on point. In North Carolina v Pearce (395 US 711, 725) the United States Supreme Court held that, "[d]ue process of law * * * requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial * * * due process also requires that a defendant be freed of apprehension of such a retaliatory motivation”.
In Pearce (supra), the court established a "presumption of vindictiveness” which, they concluded, may be overcome only by a showing of objective information justifying the increased sentence. This rule was further developed in Colten v Kentucky (407 US 104) and Chaffin v Stynchcombe (412 US 17).
In Blackledge v Perry (417 US 21), the Supreme Court confronted the problem of increased sentence resulting from prosecutorial, rather than judicial, vindictiveness. Perry was convicted of a misdemeanor assault charge and sentenced to six months in jail. Thereafter, he exercised his right to a trial de novo in Superior Court. Prior to retrial, the prosecutor obtained a felony indictment charging assault with a deadly weapon. Perry pleaded guilty and was sentenced to 5 to 7 years in prison. The court determined that under the facts presented the presumption of vindictiveness was overcome by objective evidence justifying the prosecutor’s action.
"A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before defendant’s conviction becomes final, and may even result in a formerly convicted defendant’s going free. And, if the prosecutor has the means readily at hand to discourage such appeals — by 'upping the ante’ through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy — the State can insure that only the most hardy defendants will brave the hazards of a de novo trial.” (Supra, at 27-28.)
In Bordenkircher v Hayes (434 US 357, supra), the court *609 considered, for the first time, an allegation of prosecutorial vindictiveness that arose in a pretrial setting. Bordenkircher refused to plead guilty to a felony indictment, and the State prosecutor then carried out his threat made during plea bargaining conferences to have Bordenkircher reindicted under the Kentucky habitual criminal statute thereby subjecting him to a mandatory life sentence. The court held that: (1) due process was not violated when a State prosecutor carried out his threat to reindict on more serious charges to which the accused was plainly subject if he refused to plead guilty to the offense with which he was originally charged; and (2) it was immaterial that the prosecutor was in possession of the evidence justifying the greater charge at the time of the original indictment, since the prosecutor’s conduct did no more than openly present the defendant with the alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution.
The court distinguished their prior cases stating,
"the due process violation in cases such as Pearce and Perry lay not in the possibility that a defendant might be deterred from the exercise of a legal right * * * but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction. * * *
"But in the 'give-and-take’ of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution’s offer” (434 US 357, 363, supra).
The court concluded by stating, "[i]t follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to forego his right to plead not guilty.” (Supra, at 364.)
The most recent United States Supreme Court case in this area and the one most factually similar to the instant case is United States v Goodwin (457 US 368, supra). In Goodwin the defendant was charged with several Federal misdemeanor and petty offenses. After failed plea bargain negotiations, the defendant demanded a jury trial and the prosecution sought and received an indictment including a felony count arising out of the same facts which constituted the lesser offenses. The court held that the presumption of prosecutorial vindictiveness was not warranted and absent such a presumption, no violation of due process was established.
*610 The court discussed their prior decision in Bordenkircher (supra) and stated, "[sjince charges brought in an original indictment may be abandoned by the prosecutor in the course of plea negotiation — in often what is clearly a 'benefit' to the defendant — changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial 'vindictiveness.’ An initial indictment —from which the prosecutor embarks on a course of plea negotiation — does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forego legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to a lesser charge proves unfounded” (457 US 368, 379-380, supra).
In the instant case, the Assistant District Attorney readily admits that his initial charging decision was motivated by a desire to confer a "benefit” on the defendants in exchange for the defendants’ promise to forego their right to trial by jury, thereby guaranteeing conviction without expending the resources and taking the risks associated with such a trial. He further contends however, that upon the defendants’ refusal to plead guilty to a class B felony off the A-II charge, he was free to seek and receive a superseding indictment charging any and all offenses to which the defendants were clearly subject to prosecution in the first instance. The court agrees.
A prosecutor may, in his discretion, charge a defendant with a lesser offense than the circumstances warrant. The defendant may accept the benefit or choose instead to exercise the rights guaranteed to him by law. But he may not, without the prosecutor’s consent, do both. Put another way, where a defendant refuses to accept a benefit gratuitously conferred, he may not be heard to complain when the benefit is subsequently withdrawn.
The presumption of prosecutorial vindictiveness is not warranted in this case and there has been no showing that the Assistant District Attorney’s actions were vindictively or otherwise improperly motivated.
While it could be argued that the Due Process Clause of the NY Constitution provides broader protection than the Due Process Clause of the US Constitution, this court is inclined to follow existing Federal authority in the absence of any pronouncement from this State’s appellate courts.
*611 In accordance with the foregoing, the defendants’ motion to dismiss is denied on the ground that the treatment afforded the defendants herein did not violate their right to due process nor did it offend this court’s sense of fundamental fairness.
Furthermore, upon consideration of the applicable criteria set forth in CPL 210.40 the motion to dismiss in the interest of justice is denied. While it may be said that the prosecuting attorney "played hardball” with the defendants in this case, the procedures employed do not indicate "any exceptionally serious misconduct” (see, CPL 210.40 [1] [e]). Nor does an examination of the seriousness of this offense, the evidence of guilt or the character of the defendants, reveal any compelling reason why prosecution of this case would result in injustice.